M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, TX 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**PROPOSED COUNSEL TO
GANDY'S TRANSPORT, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| GANDY'S TRANSPORT, LLC, | § | |
| | § | Case No. 24-43354-ELM11 |
| Debtor. | § | |

### EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
### AUTHORIZING THE USE OF CASH COLLATERAL

Gandy's Transport, LLC, ("Debtor"), Debtor in the above-captioned chapter 11 case (the "Case"), files its *Motion for Interim and Final Orders Authorizing the Use of Cash Collateral* (the "Motion"). In support of its Motion, Debtor respectfully represents as follows:

### I.
### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and

1409.

## II.
## BACKGROUND

2. On September 19, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

3. The Debtor remains in possession of its property and is operating its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. A detailed description of the events leading to the filing of this chapter 11 case is more fully set forth in the *Declaration of Johnny Gandy in Support of Chapter 11 Petition* [Docket No. 15] ("Gandy Declaration"), which is incorporated herein by reference.

## III.
## RELIEF REQUESTED

5. As described in the Gandy Declaration, the Debtor receives its income ("Income") from servicing its customers and making deliveries to either grocery stores or distribution centers. At this time, it is the Debtor's position that only Transport Factoring, Inc. DBA Traffic Service Bureau ("Traffic Service Bureau") may have a lien against any of its cash or Income. In the ordinary course of business, the Debtor receives payments from its customers from which it pays its manager, administrative assistant, contractors, insurance and operating expenses. The Debtor proposes to continue this practice post-petition. A proposed emergency budget for the next 14 days is attached as **Exhibit "1"** to the proposed order attached hereto as **Exhibit "A"** and is fully incorporated herein.

6. Therefore, the Debtor requests pursuant to 11 U.S.C. § 363(c)(2)(A) and (B) and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, for the entry of an order authorizing Debtor to use cash collateral as that term is defined in section 363 of the

Bankruptcy Code.

7. Debtor believes that the use of its Income to maintain its business as a going concern is critical as Debtor has no other sufficient source of funding at this time. Debtor must immediately pay its insurance premium, its contractors, maintenance, and fuel costs. If emergency relief is not granted, Debtor must cease its operations immediately and will suffer irreparable harm.

8. Section 363 of the Bankruptcy Code prohibits the Debtor's use of a secured creditor's cash collateral unless that creditor consents or the Court, after appropriate notice and hearing, authorizes such use.

9. As a result, revenues derived from operating its business on which (a) Balboa Capital, Huntington Bank, Mitsubishi, Navitas Credit Corporation, Tandem Finance, Inc. may hold liens on various equipment and (b) Traffic Service Bureau may have a lien on all of Debtor's unencumbered assets. These liens may constitute "cash collateral" of the creditors as defined under § 363(a) of the Bankruptcy Code.

10. Debtor will demonstrate to this Court that to continue the proper operations and management of Debtor's business, it is necessary that Debtor be authorized to utilize the Income in a manner substantially consistent with Debtor's normal and necessary operating expenses.

11. As adequate protection for the use of the Income, Debtor proposes to offer to alleged secured creditors the following:

    a. the maintenance of insurance on all of its equipment;

    b. a continuing lien or interest, if any, in the property of Debtor to the same extent as the liens or interests existed pre-petition;

    c. a continuing lien and security interest in any post-petition proceeds and products of Debtor's property to the same extent as they existed pre-petition (the "Continuing Liens"); provided however, that such Continuing Liens shall (i) continue to be perfected and enforceable as they existed pre-petition without the necessity of further actions, and (ii) be subject to (a) the fees and expenses of the Office of the United States Trustee and the Clerk of the United States Bankruptcy Court for the Northern District of Texas, and (b) the actual fees and expenses of Debtor and all court-approved professionals retained in these cases; and

    d. Debtor shall only utilize the Income from its operations for normal and necessary expenses.

12. Debtor would respectfully show that, under the circumstances, the foregoing adequately protects the interest claimed by secured creditors and that Debtor should, therefore, be authorized to use such putative cash collateral as described herein.

## IV.
## NOTICE

13. Notice of this Motion has been provided to the office of the United States Trustee for the Northern District of Texas; all parties that may hold security interests in Debtor's assets; the holders of the twenty (20) largest unsecured claims against Debtor on a consolidated basis; and certain governmental entities, counsel and parties-in-interest, as all set forth in more detail in a separate Certificate of Service to be filed in conjunction with this Motion. Debtor submits that no other or further notice need be provided.

**WHEREFORE, PREMISES CONSIDERED,** Debtor respectfully requests that the Court enter the Order. attached hereto as **Exhibit "A"**, (i) authorizing Debtor's emergency use

of cash collateral, as herein requested, and (ii) such other and further relief to which the Debtor may be justly entitled.

Dated: September 23, 2024
       Fort Worth, Texas

Respectfully submitted by,

*/s/ M. Jermaine Watson*
M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, TX 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**PROPOSED COUNSEL TO
GANDY'S TRANSPORT, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2024, a true and correct copy of the *Motion for Interim and Final Orders Authorizing the Use of Cash Collateral* was served via the Court's PACER system or by United States First Class Mail, postage prepaid, on the parties listed on the attached Service List.

*/s/ M. Jermaine Watson*
M. Jermaine Watson