**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| GANDY'S TRANSPORT, LLC, | § | |
| | § | Case No. 24-43354-ELM11 |
| Debtor. | § | |

**INTERIM ORDER AUTHORIZING GANDY'S TRANSPORT, LLC'S
USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS**

The matter having come before this Court for a preliminary hearing on _____, _____ at _____ ___.m. CT (the "Preliminary Hearing") on the *Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection* (the "Motion") [Docket No. 16] filed by Gandy's Transport, LLC (the "Debtor"). The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Through the

Motion, the Debtor (1) seeks the entry of an interim order (this "Interim Order") immediately authorizing its use of property that may constitute "cash collateral" (as that term is defined in 11 U.S.C. § 363(a), (2) proposes certain adequate protection to entities that may have an interest in such property, and (3) requests that a subsequent final hearing be conducted at least fifteen (15) days after the Motion (the "Final Hearing") to consider entry of a final order approving all of the relief requested in the Motion (the "Final Order").  Accordingly,

    **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis subject to the terms and conditions set forth below and on the budget attached hereto as **"Exhibit "1"** and incorporated herein.

2. The Court will conduct the Final Hearing on the Motion on _____, _____, 2024 at _____ ___.m. CT.  At the Final Hearing, the Court may modify some or all of the provisions of this Interim Order.  The Debtor is authorized to use Cash Collateral in the amount of $26,100.00 pursuant to the terms of this Interim Order until the entry of the Final Order following the Final Hearing.

3. Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use cash collateral in substantial compliance with the budget.

4. As adequate protection of its asserted interests in the Debtor's cash collateral, Transport Factoring, Inc. DBA Traffic Service Bureau Balboa Capital, Huntington Bank, Mitsubishi, Navitas Credit Corporation, Tandem Finance, Inc. (the "Alleged Secured Parties") are hereby granted:

    a. Replacement liens (the "Continuing Liens") to the same extent, validity and priority as existed on the Petition Date, in cash collateral of the Debtor owned as of or acquired after the Petition Date;

    b. Such Continuing Liens shall (i) continue to be perfected and enforceable as they existed pre-petition without the necessity of further actions, and (ii) be subject to (a) the fees and expenses of the Office of the United States Trustee and the Clerk of the United States Bankruptcy Court for the Northern District of Texas, and (b) the actual fees and expenses of Debtor and all court-approved professionals retained in these cases;

    c. Debtor shall maintain insurance on all of its equipment; and

    d. Debtor shall only utilize the Income from its operations for normal and necessary expenses.

5. Pending further Order of this Court, Debtor shall not be required to make any adequate protection payments to the Alleged Secured Parties; provided; however, that this Interim Order is without prejudice to the rights of Debtor, the Alleged Secured Parties, or any other party in interest with respect to the matters set forth in the Motion.

6. Notice of the Preliminary Hearing on the Motion was adequate and appropriate under the circumstances of this chapter 11 case as contemplated by 11 U.S.C. § 102 (l) and Fed. R. Bankr. P. 4001(b)(2).

**THIS SPACE IS INTENTIONALLY LEFT BLANK.**

7. Use of cash collateral is hereby authorized pursuant to the applicable provision of Section 363(c) of the Bankruptcy Code and Fed. R. Bankr. P. 4001(b)(2) as necessary to avoid immediate and irreparable harm to the estate, and all adequate protection provided for herein is enforceable to the extent of any use of cash collateral by Debtor pursuant to this Interim Order.

### # # # END OF ORDER # # #

**Prepared and submitted by:**

M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, TX 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**PROPOSED COUNSEL TO
GANDY'S TRANSPORT, LLC**

**Interim Cash Flow Forecast for Gandy's Transport, LLC; Debtor and Debtor-In-Possession; Case No. 24-43354-ELM11**

| 14 Day Period Ending | | 10/7/2024 |
|---|---|---:|
| Beginning Cash (Petition Date) | $ | 6,221.31 |
| Accounts Receivable (estimated) | | 20,000.00 |
| | | 26,221.31 |
| | | |
| Manager's Salary | $ | 1,500.00 |
| Adminstrative Assistant | | 1,000.00 |
| Payroll-Contractors | | 5,000.00 |
| Fuel & Diesel Fuel | | 5,500.00 |
| Toll Account Depot | | 100.00 |
| Repairs and Maintenance (Routine) | | 500.00 |
| Insurance | | 12,000.00 |
| Telephone and Utilities | | - |
| Misc. Operating Expenses | | 500.00 |
| Interest Payments to Merchant Lenders | | - |
| Ending Cash Forecast | $ | 26,100.00 |
| | | |
| Total Collateral | $ | 121.31 |



EXHIBIT "1"