

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 25, 2024**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-43354-ELM |
| GANDY'S TRANSPORT, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

### ORDER GRANTING DEBTOR'S EMERGENCY MOTION
### TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE

On September 19, 2024, Gandy's Transport, LLC (the "**Debtor**"), the chapter 11 debtor in the above-captioned case, filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating this case.

On September 23, 2024, the Debtor filed an *Emergency Motion to Compel Turnover of Property of the Estate* [Docket No. 17] (the "**Turnover Motion**") to request entry of an order compelling Tandem Finance, Inc. ("**Tandem**") and/or, as applicable, its agents, including but not limited to Ritchie Bros. Auctioneers, Inc. ("**Ritchie**"), to immediately turn over to the Debtor a 2018 Peterbuilt 389 truck, VIN No. 1NPXD49X2JD45859 (the "**Peterbuilt Truck**") claimed by the Debtor to constitute property of the Debtor's bankruptcy estate. The Court granted emergency consideration of the Motion and, accordingly, the Debtor filed a *Notice of Hearing on Debtor's Emergency Motion to Compel Turnover of Property of the Estate* [Docket No. 23] (the "**NOH**") to provide notice that a hearing on the Turnover Motion would be conducted on September 25, 2024, at 2:30 p.m. (prevailing Central Time). The Turnover Motion and NOH were duly served on both Tandem and Ritchie by hand delivery on September 24, 2024. *See* Docket No. 24.

On September 25, 2024, the Court conducted the hearing on the Turnover Motion. Having considered the Turnover Motion, the evidence presented at the hearing, and the representations and arguments of counsel made at the hearing, and the Court finding that notice of the Turnover Motion and of the September 25, 2024 hearing was duly provided and sufficient under the facts and circumstances involved, that the Court has jurisdiction to hear and determine the Turnover Motion pursuant to 28 U.S.C. §§ 1334 and 157 and Miscellaneous Order No. 33 of the United States District Court for the Northern District of Texas, and that the proceeding initiated by the Turnover Motion is core in nature pursuant to 28 U.S.C. § 157(b)(2), the Court found cause to grant the Turnover Motion for reasons stated on the record at the hearing, which are incorporated herein by reference. Among other things, the Court finds that the Peterbuilt Truck (a) constitutes property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, (b) is protected by the automatic stay of 11 U.S.C. § 362(a), and (c) is subject to turn over to the Debtor pursuant to 11 U.S.C. § 542(a). Accordingly, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Tandem and Ritchie, and their respective agents, successors, and assigns, be and are hereby ENJOINED from selling, auctioning, transferring, conveying, or in another other way disposing of the Peterbuilt Truck without the prior authorization of this Court; it is further

**ORDERED, ADJUDGED, AND DECREED** that Tandem and Ritchie shall take such action as is necessary to deliver immediate possession of the Peterbuilt Truck to the Debtor; it is further

**ORDERED, ADJUDGED, AND DECREED** that this Order shall be immediately effective upon entry by the Court; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Court shall retain the exclusive jurisdiction to hear and determine any dispute with respect to the interpretation and/or enforcement of this Order.

### END OF ORDER ###