

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 26, 2024

_____
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 |
| GANDY'S TRANSPORT, LLC, | § | |
| | § | Case No. 24-43354-ELM11 |
| Debtor. | § | |

### INTERIM ORDER AUTHORIZING GANDY'S TRANSPORT, LLC'S
### USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS

The matter having come before this Court for a preliminary hearing on Wednesday, September 25, 2024 at 2:30 p.m. CT (the "Preliminary Hearing") on the *Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection* (the "Motion") [Docket No. 16] filed by Gandy's Transport, LLC (the "Debtor"). The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Through the

Motion, the Debtor (1) seeks the entry of an interim order (this "Interim Order") immediately authorizing its use of property that may constitute "cash collateral" (as that term is defined in 11 U.S.C. § 363(a)), (2) proposes certain adequate protection to entities that may have an interest in such property, and (3) requests that a subsequent final hearing be conducted at least fifteen (15) days after the Motion (the "Final Hearing") to consider entry of a final order approving all of the relief requested in the Motion (the "Final Order"). For reasons stated on the record at the hearing, which are incorporated herein by reference, the Court finds cause to grant the Motion on the terms set forth herein to prevent immediate and irreparable injury to the estate pending a final hearing on the Motion. Accordingly,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis subject to the terms and conditions set forth below and on the budget attached hereto as **"Exhibit "1"** and incorporated herein.

2. The Court will conduct the Final Hearing on the Motion on **Thursday, October 10, 2024 at 9:30 a.m. CT**, **Room 204, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102 and/or WebEx Link:** https://us-courts.webex.com/meet/morris - Meeting Number: 2309-445-3213. **For WebEx Telephonic Only Participation/Attendance:** Dial-In: 1.650.479.3207, Meeting ID: 2309 445 3213. At the Final Hearing, the Court may modify some or all of the provisions of this Interim Order. The Debtor is authorized to use Cash Collateral in the amount of $26,100.00 pursuant to the terms of this Interim Order until the entry of the Final Order following the Final Hearing.

3. Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use cash collateral in substantial compliance with the budget.

4. As adequate protection of its asserted interests in the Debtor's cash collateral, if and to the extent that Transport Factoring, Inc. DBA Traffic Service Bureau Balboa Capital, Huntington Bank, Mitsubishi, Navitas Credit Corporation, Tandem Finance, Inc., and/or any other party asserting a lien in cash collateral (the "Alleged Secured Parties") in fact holds a valid, perfected and unavoidable lien in cash collateral, such parties are hereby granted:

a. Replacement liens on the Debtor's and estate's existing and after acquired property of the same nature as such parties' respective existing liens, and in the same order and priority, but only to the extent of any diminution in value to their existing liens caused by the Debtor's use of cash collateral; *provided, however*, no replacement liens shall be granted in any chapter 5 causes of action or the proceeds thereof. Such replacement liens shall be deemed granted and perfected without the necessity of any further action by any party;

b. Such replacement liens shall be subject and subordinate to (a) the fees and expenses of the Office of the United States Trustee and the Clerk of the United States Bankruptcy Court for the Northern District of Texas, and (b) the actual fees and expenses of all court-approved professionals retained by the Debtor in this case that are incurred through the date of the Final Hearing and are ultimately allowed by Court order;

c. Debtor shall maintain insurance on all of its equipment; and

d. Debtor shall only utilize the Income from its operations for normal and necessary expenses and consistent with the budget.

[remainder of page intentionally left blank]

5. Use of cash collateral is hereby authorized pursuant to the applicable provision of Section 363(c) of the Bankruptcy Code and Fed. R. Bankr. P. 4001(b)(2) as necessary to avoid immediate and irreparable harm to the estate, and all adequate protection provided for herein is enforceable to the extent of any use of cash collateral by Debtor pursuant to this Interim Order.

6. The stay provided by FRBP 6004(h) is hereby waived and this Order shall be immediately effective and enforceable upon it's entry.

# # # END OF ORDER # # #

**Interim Cash Flow Forecast for Gandy's Transport, LLC; Debtor and Debtor-In-Possession; Case No. 24-43354-ELM11**

| **14 Day Period Ending** | **10/7/2024** |
|---|---:|
| Beginning Cash (Petition Date) | $ 6,221.31 |
| Accounts Receivable (estimated) | 20,000.00 |
| | 26,221.31 |
| | |
| Manager's Salary | $ 1,500.00 |
| Adminstrative Assistant | 1,000.00 |
| Payroll-Contractors | 5,000.00 |
| Fuel & Diesel Fuel | 5,500.00 |
| Toll Account Depot | 100.00 |
| Repairs and Maintenance (Routine) | 500.00 |
| Insurance | 12,000.00 |
| Telephone and Utilities | - |
| Misc. Operating Expenses | 500.00 |
| Interest Payments to Merchant Lenders | - |
| Ending Cash Forecast | $ 26,100.00 |
| | |
| Total Collateral | $ 121.31 |


EXHIBIT "1"