IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GANDY'S TRANSPORT, LLC | § | CASE NO. 24-43354-elm11 |
| | § | |
| DEBTORS. | § | CHAPTER 11 |

**FIRST AMENDED PAWNEE LEASING CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING EQUIPMENT, OR ALTERNATIVELY, MOTION FOR ADEQUATE PROTECTION**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10th STREET, ROOM 147, FORT WORTH, TEXAS 76102-3643, BEFORE CLOSE OF BUSINESS ON OCTOBER 16, 2024, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHSNIVE STATEMENT AS TO SHOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Pawnee Leasing Corporation ("Movant"), a secured creditor in the above-numbered and styled bankruptcy case, and files this its Motion for Relief from Automatic Stay Regarding Equipment, and in support thereof would respectfully show the Court the following:

### I. Jurisdiction

1. This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) and 1301(c) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G).

### II. Relevant Facts

2. Gandy's Transport, LLC ("Debtor") initiated the instant Chapter 11 proceeding in the Northern District of Texas, Fort Worth Division, on September 19, 2024 (the "Petition Date") [Doc #1].

3. On or about October 4, 2022, Debtor, as borrower, executed Equipment Finance Agreement #398735 (the "Agreement") with Tandem Finance Inc. ("Tandem"). In conjunction therewith, Johnny Lee Gandy Jr. ("Gandy Jr.") executed a personal guaranty whereby he guaranteed full and complete payment and performance of Debtor's obligations under the subject agreement. A true and correct copy of the Agreement, which contains a copy of the subject guaranty, is attached hereto and incorporated herein as Exhibit "A."

4. Pursuant to the Agreement, Debtor agreed to pay sixty (60) monthly payments of $2,860.03 until such time as the Agreement was paid in full. In return, Tandem advanced funds for the Debtor's purchase and acquisition of the following equipment (the "Equipment"):

| YEAR | EQUIPMENT DESCRIPTION | VIN/SN |
|---|---|---|
| 2018 | Peterbilt 389 | 1NPXD49X2JD458359 |

5. On or about October 5, 2022, Tandem assigned all rights, title, and interest in the Agreement and Guaranty to Movant. A true and correct copy of the assignment is attached hereto and incorporated herein as Exhibit "B."

6. Pursuant to Paragraph 4 of the Agreement, Debtor granted to Movant a security interest in the Equipment to secure the performance of Debtor's obligations and liabilities under the Agreement. Movant perfected its first-priority security interest by noting its interest on the certificate of title to the Equipment. A true and correct copy of the Certificate of Title is attached hereto and incorporated by reference for all purposes as Exhibit "C."

7. Although Movant fully performed all obligations owed under the Agreement, Debtor failed to pay the amounts owed under the Agreement when due. Accordingly, on or about June 3, 2024, Movant sent Debtor a Notice of Acceleration. A true and correct copy of the Notice of Acceleration is attached hereto and incorporated by reference as Exhibit "D."

8. Prior to the Petition Date, Movant recovered possession of the Equipment through lawful self-help remedies. In doing so, Movant incurred expenses in the amount of $2,125.00. Movant has since relinquished possession of the Equipment as required by the Order Granting Debtor's Emergency Motion to Compel Turnover of Property of the Estate [Doc #31]. A true and correct copy of the invoice reflecting fees incurred by Movant is attached hereto and incorporated by reference as Exhibit "E."

9. As of the Petition Date, the amount of $131,615.20 is due and owing under the Agreement, excluding any post-petition interest and fees.

10. As set forth in Debtor's Schedules [Doc #4, pp. 47.5], Debtor lists the value of the Equipment at $120,600.00. Thus, Debtor has no equity interest in the Equipment. However, to the extent Debtor is found to have any equity interest in the Equipment, Movant requests it be reimbursed its reasonable and necessary attorneys' fees as set forth below.

11. The Equipment continues to depreciate and will continue to depreciate while in the possession and use of Debtor. Per the Agreement, Debtor is required to maintain valid and

continuous insurance coverage as to the Equipment. However, it is unclear at this time whether Debtor has valid and effective insurance coverage that lists Movant as a loss payee on the Equipment or is properly storing and maintaining the Equipment in accordance with manufacturer's guidelines and as otherwise required by the Agreement.

### III. Relief from Stay

12. By reason of the foregoing, Movant requests the Court lift the automatic stay as it pertains to the Equipment or, alternatively, condition the automatic stay by requiring Debtor to tender adequate protection payments sufficient to offset depreciation of the Equipment. A court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" is not defined in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998).

13. In the instant matter, no agreement has been made as to monthly adequate protection payments prior to confirmation. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." 3 Collier On Bankruptcy ¶ 363.05[2] (16th ed. 2016); *In re First South Sav. Assoc.*, 820 F.2d 700, 710 (5th Cir. 1987) (the focus of adequate protection "is protection of the secured creditor from diminution in the value of its collateral during the reorganization process."); *In re Bufford*, 343 B.R. 827, 838 (Bankr. N.D. Tex. 2006) ("adequate protection must be given to secured creditors, or they may ask that the automatic stay imposed by § 362(a) be lifted"); 3 Collier ¶ 363.05[2]. "[A]n interest is not adequate protected if the security is depreciating during the term of the stay." *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 369 (1988). "[I]n proceeding arising under § 362(d)(1), the debtor must prove that the secured creditor's interest is adequately protected, or

the automatic stay will lift." *In re Timbers of Inwood Forest Assoc., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986), *affirmed*, 484 U.S. 365 (1988).

14. Cause exists to modify and condition the automatic stay pursuant to 11 U.S.C. §362(d)(1) of the Bankruptcy Code as to the Equipment because: (1) the Equipment continues to depreciate in value while in the possession and use of the Debtor; (2) Debtor has not proposed tendering pre-confirmation adequate protection payments to Movant; and (3) to the extent Debtor has not provided to Movant proof of insurance coverage identifying Movant as a loss payee and/or additional insured, Movant's security interest in such Equipment could be irreparably harmed if the Equipment are damaged, improperly stored, improperly maintained, or stolen.

15. Cause further exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(2) of the Bankruptcy Code because Debtor admittedly has no equity interest in the Equipment per Debtor's own schedules and the Equipment is not believed to be necessary for an effective reorganization of Debtor's business because reorganization appears unlikely given the Debtor's financial restraints.

16. Movant further requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived and Movant be permitted to immediately enforce and implement the order lifting, conditioning and/or modifying the automatic stay.

### IV. Prayer

For the reasons set forth herein, Movant requests that the Court enter an order granting Movant's request to lift the Automatic Stay as to the Equipment to permit Movant to foreclose its security interest in the Equipment as prayed for in this motion, and grant to Movant such other and further relief to which it may be justly entitled.

**[Remainder of Page Intentionally Left Blank]**

        **Respectfully Submitted,**

        **PADFIELD & STOUT, LLP**
        100 Throckmorton Street, Suite 700
        Fort Worth, Texas 76102
        Phone: 817-338-1616
        Fax: 817-338-1610

        /s/ Owen C. Babcock
        Christopher V. Arisco
        State Bar I.D. # 24064830
        carisco@padfieldstout.com
        Owen C. Babcock
        State Bar I.D. #24104585
        obabcock@padfieldstout.com
        Jessica N. Alt
        State Bar I.D. #24127981
        jalt@padfieldstout.com

        *Attorneys for Pawnee Leasing Corporation*

## CERTIFICATE OF CONFERENCE

    I certify that on Wednesday, October 2, 2024, I conferred with counsel for the Debtor's cousnel by phone call. Debtor's counsel is opposed to the relief sought herein.


        /s/ Owen C. Babcock
        Owen C. Babcock

## **CERTIFICATE OF SERVICE**

      The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, October 2, 2024; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **Gandy's Transport, LLC**<br>7102 Lighthouse Road<br>Arlington, Texas 76002<br><br>*Debtor* | **M. Jermaine Watson**<br>Cantey Hanger, LLP<br>600 West 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>*Counsel for Debtor* |
| **United States Trustee**<br>1100 Commerce Street<br>Room 1254<br>Dallas, Texas 75242 | **All those receiving ECF notification for this case and on the attached list of the 20 largest unsecured creditors.** |

                    /s/ *Owen C. Babcock*
                    Owen C. Babcock

| | | |
|---|---|---|
| American Express<br>P.O. Box 6031<br>Carol Stream, IL 60197 | COMDATA<br>PO Box 845738<br>Dallas, TX 75284 | Navitas<br>PO Box 935204<br>Atlanta, GA 31193 |
| Balboa Capital<br>575 Anton Blvd., Suite 1080<br>Costa Mesa, CA 92626 | Huntington Bank<br>PO Box 77077<br>Minneapolis, MN 55480 | Orchard Consulting<br>1119 Surrey Ln.<br>Allen, TX 75013 |
| Caine & Weiner<br>Progressive Insurance<br>PO Box 55848<br>Sherman Oaks, CA 91413 | IFPS<br>PO Box 7<br>Greenville, SC 29602 | PNC Bank<br>PO Box 71335<br>Philadelphia, PA 19176 |
| California Air Resources<br>1001 I Street<br>Sacramento, CA 95812 | Internal Revenue Service<br>2021 PO Box 931200<br>Louisville, KY 40293 | Tandem Finance<br>3801 Automation Way<br>Fort Collins, CO 80525 |
| Capital One<br>PO Box 60519<br>City of Industry, CA 91716 | Lube Zone<br>PO Box 713380<br>Chicago, IL 60677 | TXU<br>PO Box 650700<br>Dallas, TX 75265 |
| | Mitsubishi<br>PO Box 5700<br>Norwalk, CT 06856 | Umpqua Bank<br>3455 S. 344th Way<br>Auburn, WA 98001 |

**Twenty Largest Unsecured Creditors**