

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 11, 2024**

_____
**United States Bankruptcy Judge**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GANDY'S TRANSPORT, LLC, | § | CASE NO. 24-43354-ELM |
| | § | |
| Debtor. | § | |
| | § | |

### SECOND INTERIM ORDER AUTHORIZING GANDY'S TRANSPORT, LLC'S
### USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIENS

Came on for a continued hearing on October 10, 2024, the *Emergency Motion for Interim and Final Orders Authorizing The Use of Cash Collateral Nunc Pro Tunc to the Petition Date* (the "Motion") [Docket No. 16] filed by Gandy's Transport, LLC ("Debtor"). At the hearing, Debtor's counsel announced that the Debtor was seeking the entry of an additional interim order with the final hearing on the Motion to be rescheduled to a later date. After considering the evidence presented or proffered at the hearing on the Motion, including at the initial hearing conducted on September 25, 2024, and the statements and representations of the parties made on the record at the hearing on the Motion, and after due deliberation and consideration, the Court

finds sufficient cause to enter this Order on the terms set forth herein. In support thereof, the Court finds as follows:

A. **Petition Date**. On September 19, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), commencing the above-styled bankruptcy case (the "Bankruptcy Case"). The Debtor continues to operate and manage its business as "debtor in possession" pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B. **Jurisdiction and Venue**. This Court has jurisdiction over this Bankruptcy Case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C. **Interim Order**. On September 25, 2024, this Court held an initial interim hearing on the Motion. On September 26, 2024, this Court entered the *Interim Order Authorizing Gandy's Transport, LLC's Use of Cash Collateral and Granting Replacement Liens* [Docket No. 33] (the "Interim Order"). The Interim Order authorized the Debtor's interim use of "cash collateral" (as that term is defined in 11 U.S.C. § 363(a)) (all references to "cash collateral" hereafter similarly referring to the term as defined in 11 U.S.C. § 363(a)) on the terms and conditions set forth therein. The Interim Order set the Motion for final hearing on October 10, 2024. As previously indicated, the Debtor now requests additional interim relief with the final hearing to be reset to a later date.

D. **Alleged Secured Parties**. The Debtor recognizes that certain parties claiming to hold a lien or security interest in certain assets of the bankruptcy estate may hold or come to hold an interest in cash collateral. For purposes of this Order, Mitsubishi HC Capital America, Inc., Balboa Capital Corporation, Pawnee Leasing Corporation, Tandem Finance, Inc., Huntington

National Bank, Navitas Credit Corp., Transport Factoring, Inc. d/b/a Traffic Service Bureau, Umpqua Bank, and any other party asserting a lien in cash collateral are collectively referred to as the "<u>Alleged Secured Parties</u>."

E.  **<u>Cause Shown</u>**.  Good cause has been shown for the entry of this second interim Order.  The Debtor requires the use of cash collateral to operate its business. Without the use of cash collateral, the Debtor will not be able to meet its cash requirements for working capital needs or to fund the administration of the bankruptcy case.  The adequate protection provided herein and other benefits and privileges contained herein are consistent with and authorized by the Bankruptcy Code and will provide adequate protection in relation to the use of cash collateral pending the final hearing (as rescheduled herein).  The terms and conditions set forth in this second interim Order are fair, just and reasonable under the circumstances and reflect the Debtor's exercise of its prudent business judgment consistent with its fiduciary duties.

F.  **<u>Notice</u>**.  The Court finds that the notice to the U.S. Trustee, each of the named Alleged Secured Parties, and the Debtor's other creditors was sufficient under the circumstances. Entry of this second interim Order is justified and appropriate under the circumstances and is in the best interest of the estate.

**IT IS THEREFORE ORDERED AND ADJUDGED** as follows:

1.  **<u>Motion Granted</u>**.  The Motion is hereby granted for an additional interim period on the terms and conditions set forth in this Order.  Any objections to the entry of this Order that have not been previously resolved or withdrawn, including any reservations of rights therein, are hereby overruled.

2.  **<u>Use of Cash Collateral</u>**.  Unless hereafter ordered otherwise by the Court, the Debtor is hereby authorized to use Cash Collateral as set forth in the budget attached hereto as

**Exhibit "A"** (the "Budget"), to the extent set forth herein. The Debtor may make expenditures only for the purposes and up to the amounts set forth in the Budget, and with respect to each particular line item, may expend up to 110% of the budgeted amount without the necessity of further order. In the case of the Adequate Protection Reserve, the Debtor is authorized, in its discretion, to utilize such reserve as necessary to provide adequate protection to any of the Alleged Secured Parties whose collateral is used/to be used by the Debtor during the Budget period. To the extent that any U.S. Trustee Fees and any other court fees and costs exceed the amount allocated in the Budget, the Debtor is authorized to pay the full amount due.

3. **Adequate Protection**. With respect to those Alleged Secured Parties (if any) who hold valid, perfected and unavoidable liens in cash collateral, as adequate protection for the Debtor's use of cash collateral, to the extent of any diminution in the value of such Alleged Secured Parties' liens in cash collateral caused by the Debtor's use of cash collateral, such Alleged Secured Parties are hereby granted automatically perfected replacement liens (the "Replacement Liens") on all property now owned or hereafter acquired by the Debtor or the estate (the "Collateral"); *provided, however*, that (a) the Collateral expressly excludes, and the Replacement Liens shall not attach to, causes of action under chapter 5 of the Bankruptcy Code and the proceeds thereof; and (b) the Replacement Liens are subject and subordinate to (i) fees and expenses of the Office of the United States Trustee and the Clerk of the United States Bankruptcy Court for the Northern District of Texas, and (ii) the actual fees and expenses of all court-approved professionals retained by the Debtor in this case that are incurred through the date of the final hearing (as set below) and allowed by order of the Court.

4. **Insurance**. As additional adequate protection, the Debtor shall maintain adequate insurance coverage on all collateral of the Alleged Secured Parties.

5.  **Preservation of Tax Liens**. Notwithstanding any other provisions of this Order, any statutory liens (collectively, the "Tax Liens") held by Tarrant County or any other ad valorem tax authority (the "Taxing Authorities") for prepetition and post-petition taxes shall not be primed nor made subordinate to any Replacement Liens granted to any Alleged Secured Party to the extent such Tax Liens are valid and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Taxing Authorities are fully preserved.

6.  **Perfection of Liens**. The Replacement Liens are, and shall be, valid, perfected, enforceable and effective as of the Petition Date without the need for any further action by the Debtor or any of the Alleged Secured Parties.

7.  **Termination Events**. The Debtor's authorization to use cash collateral shall terminated upon, and the Debtor shall immediately cease using cash collateral upon the occurrence of, any of the following events (each a "Termination Event"):

    a.  the Debtor violates any term of this Order;

    b.  the entry of an order:

        i)  converting the Debtor's Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code; or

        ii) dismissing the Debtor's Bankruptcy Case.

8.  **Term**. The term of this second interim Order and the authorization of the use of cash collateral shall cease on the earliest to occur of the following (the "Maturity Date"): (a) November 25, 2024; or (b) the occurrence of a Termination Event.

9.  **Reservation of Rights**. Nothing herein shall limit the right of any Alleged Secured Party to seek additional adequate protection for the use of cash collateral as provided herein.

10. **Notice**. Within two (2) business days after entry of this Order, Debtor's counsel shall serve a copy of this Order on the following parties: (a) each of the named Alleged Secured

Parties; (b) the Office of the United States Trustee; and (c) all other parties-in-interest who have filed a notice of appearance.

11. **No Payments on Prepetition Debts**.  The Debtor is prohibited from paying any indebtedness or transferring property to vendors, contractors, customers, or other persons whose debt may have been incurred prior to the Petition Date, except upon separate order of the Court.

12. **Modification of Stay**.  The automatic stay of 11 U.S.C. § 362(a) is hereby modified to the extent necessary to effectuate this Order.

13. **Findings and Conclusions**.  To the extent any findings of fact may constitute conclusions of law, and *vice versa*, they are hereby deemed as such.

14. **Immediate Effect**.  This Order shall take effect immediately on entry hereof, notwithstanding the possible application of Bankruptcy Rules 4001(a)(3), 6004(h), 7062, or 9014.

15. **Retention of Jurisdiction**.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

16. **Final Hearing**. The Court will conduct the final hearing on the Motion on **Thursday, November 21, 2024, at 9:30 a.m. (Central Time).** The deadline to file and serve a proposed form of final order is **Friday, November, 15, 2024, at 5:00 p.m. (Central Time)**. Any objections the proposed form of final order shall be filed on **Tuesday, November 19, 2024, at 5:00 p.m. (Central Time)**.

### END OF ORDER ###

**Exhibit "A"**

**Budget**

**October 11, 2024 to November 25, 2024**

| | | |
|---|---|---:|
| Income | $ | 58,000.00 |
| | | |
| Manager's Salary | $ | 8,000.00 |
| Adminstrative Assistant | | 4,000.00 |
| Payroll-Contractors | | 11,250.00 |
| Fuel & Diesel Fuel | | 15,000.00 |
| Toll Account Deposit | | 450.00 |
| Repairs and Maintenance (Routine) | | 1,400.00 |
| Insurance | | 6,039.00 |
| Telephone and Utilities | | 1,322.00 |
| Misc. Operating Expenses | | 2,343.00 |
| IFTA | | 1,500.00 |
| Truck Parking | | 400.00 |
| Storage | | 420.00 |
| Adequate Protection Reserve | | 5,100.00 |
| | $ | (57,224.00) |
| | | |
| | $ | 776.00 |



EXHIBIT "A"