Filed by:
JAMES W. KING
TBA 00791029
OFFERMAN & KING, L.L.P.
6420 Wellington Place
Beaumont, Texas 77706
409/860-9000
jwk@offermanking.com
ATTORNEYS FOR
MITSUBISHI HC
CAPITAL AMERICA, INC.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | § | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-43354-elm11 |
| GANDY'S TRANSPORT, LLC | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | JUDGE EDWARD L. MORRIS |

MOTION OF MITSUBISHI HC CAPITAL AMERICA, INC. FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT
TO 11 USC 362(d)(1) and FOR WAIVER OF FOURTEEN (14)
DAY STAY IMPOSED BY BANKRUPTCY RULE 4001

NOTICE REQUIRED BY LOCAL RULES

**ANY PARTY OPPOSING THIS MOTION FOR RELIEF FROM STAY SHALL FILE A RESPONSE/OBJECTION WITHIN 14 DAYS FROM THE DATE OF SERVICE OF THE MOTION. (OBJECTION DUE DATE: NOVEMBER 5, 2024). SUCH RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF NO RESPONSE IS FILED, THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

Mitsubishi HC Capital America, Inc. ("MHCA") by and through its undersigned counsel files this Motion for Relief from the Automatic Stay and Waiver of the Fourteen Day Stay (the "Motion") and in support thereof states as follows:

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(1).

## II.    SUMMARY OF FACTS

3. On or about July 20, 2023, Gandy's Transport, LLC (the "Debtor") entered into a Motor Vehicle Security Agreement (the "Agreement") with MHCA, whereby MHCA agreed to finance the Debtor's purchase of a 2020 Great Dane Reefer Trailer with 2019 Thermo King Reefer Unit, VIN #1GR1A0627LW168512 (collectively, the "Trailer"). A true and correct copy of the Agreement is annexed hereto as Exhibit "A".

4. As security for the repayment of the obligations due under the Agreement, the Debtor agreed to grant to MHCA a security interest in and to the Trailer.

5. MHCA duly perfected its interest in the Trailer by notating its lien on the Trailer's Certificate of Title. A true and correct copy of the Electronic Title with MHCA's lien thereon is annexed hereto as Exhibit "B".

6. Pursuant to the terms of the Agreement, the Debtor agreed to make forty-eight (48) consecutive monthly payments each in the amount of $2,205.73 commencing on August 9, 2023, and continuing monthly thereafter.

7. The Debtor made payments due under the Agreement through and including the February 9, 2024 payment but defaulted by failing to make the March 9, 2024 installment or any payments thereafter.

8. On or about September 19, 2024, (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code.

9. As of the petition date, there remained due and owing to MHCA under the Agreement the principal sum of $75,897.02.

10. According to the Debtor's bankruptcy schedules, the Trailer has a value of $50,000.00. In that the Debtor is in possession of the Trailer and has first-hand knowledge of its condition and maintenance provided, MHCA relies on this value for this motion.

11. Upon information and belief, the Debtor continues to use the Trailer in the operation of its business.

12. Trailers like the one at issue depreciate in value with the mere passage of time, with such depreciation being accelerated if the vehicle is being used.

13. Accordingly, because the Trailer is declining in value, MHCA respectfully submits that its interest in the Trailer is not adequately protected and that grounds exist to terminate the automatic stay.

### III. STANDARDS FOR RELIEF FROM STAY

14. 11 U.S.C. §362(d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

15. The term "cause" is not defined by the Bankruptcy Code and whether cause exists should be determined on a case by case basis. In re Gramercy Court, Ltd., 2007 Bankr. LEXIS 2473 *16 (S.D. TX. 2007).

16. A creditor's interest in equipment is not adequately protected where the equipment is depreciating in value and where the Debtor is not providing compensation

therefore. In re Cage, 357 B.R. 99, 102 (Bankr. S.D. TX. 2004) citing, United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 370, 108 S. Ct. 626, 98 L.Ed. 2d 740 (1988) 93 F.2d 1380, 1388 (5th Cir. 1986). It is widely accepted that a Debtor must compensate a creditor for the depreciating value of its equipment. Id.

17. As previously mentioned, the Trailer continues to depreciate on a monthly basis with the mere passage of time, with such depreciation being accelerated if it is being used by the Debtor.

18. Based upon the current value of the Trailer and the amounts owed under the Agreements, MHCA believes that its lien position is being eroded.

19. Accordingly, if the Debtor desires to retain the Trailer, then MHCA must be provided with adequate protection in the form of monthly payments to compensate it for the depreciating value of its collateral. Alternatively, if the Debtor cannot provide adequate protection to MHCA, then stay relief must be granted so that MHCA can exercise its state law rights and seize and sell the Trailer.

### III. CONCLUSION

20. Based upon the foregoing, MHCA respectfully requests that the Court enter an order granting MHCA relief from the automatic stay to enforce its rights with respect to the Trailer, including but not limited to taking possession of the Trailer, selling the same, and applying the proceeds thereof to the obligations owing to MHCA, and for such other and further relief as the Court deems proper.

Respectfully submitted October 22, 2024.

                                        OFFERMAN & KING, L.L.P.

                                        BY: /s/ James W. King
                                              JAMES W. KING
                                              TAB# 00791029
                                              6420 WELLINGTON PLACE
                                              BEAUMONT, TEXAS  77706
                                              PHONE: (409) 860-9000
                                              FAX: (409) 860-9199
                                              jwk@offermanking.com
                                  ATTORNEY IN CHARGE FOR MOVANT

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 5.1(a)

I, James W. King, Attorney for Movant, Mitsubishi HC Capital America, Inc. do hereby certify that on October 15, 2024 at 10:45 a.m., I left message for Debtor's attorney's office concerning Movant's intention to file this motion.  Agreement was discussed but not reached concerning the subject matter of the Motion to Lift Stay.

                                                          /s/ James W. King
                                                          James W. King

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing have been forwarded to the following parties by electronic means or by first-class mail:

Attorney for Debtor:

M. Jermaine Watson
600 West 6th St.
Suite 300
Fort Worth, TX 76102

U.S. Trustee:
United States Trustee
1100 Commerce Street
Room 976
Dallas, TX  75202

Debtor:
Gandy's Transport, LLC
P.O. Box 180874
Arlington, TX 76096

And to all parties on the attached list of creditors.

SIGNED AND DONE on this 22nd day of October, 2024.

/s/ James W. King
James W. King