M. Jermaine Watson
State Bar No. 24063055
Email: jwatson@canteyhanger.com
Emily M. Campbell
State Bar No. 24143596
Email: ecampbell@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, Texas 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**PROPOSED COUNSEL TO
GANDY'S TRANSPORT, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GANDY'S TRANSPORT, LLC, | § | CASE NO. 24-43354-11 |
| | § | |
| DEBTOR. | § | |
| | § | |

### DEBTOR'S RESPONSE OPPOSED TO STAY RELIEF MOTION OF
### MITSUBISHI HC CAPITAL AMERICA, INC.

Gandy's Transport, LLC debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby files this *Response Opposed to Mitsubishi HC Capital America, Inc.'s Stay Relief Motion and Related Relief* (the "Response"). In support of this Response, the Debtor relies on *the Declaration of Jordan Collins* (the "Declaration") attached hereto as **Exhibit "A."**

# I.
# PRELIMINARY STATEMENT

1. On July 20, 2023, Gandy's Transport, LLC (the "Debtor") and Mitsubishi HC Capital America, Inc. ("MHCA") entered into a Motor Vehicle Security Agreement (the "Agreement"). Under the Agreement, MHCA agreed to finance the Debtor's purchase of a 2020 Great Dane Reefer Trailer with a 2019 Thermo King Reefer Unit, VIN #1GR1A0627LW168512 (collectively, the "Trailer").

2. The Debtor agreed to grant MHCA a security interest in the Trailer. MHCA perfected its security interest in the Trailer by placing its lien on the Trailer's Certificate of Title.

3. Under the Agreement, the Debtor agreed to make forty-eight (48) consecutive monthly payments of $2,205.73. These payments were to begin on August 9, 2023.

4. On March 28, 2024, MHCA and the Debtor agreed to a reduction in the monthly payments as required under the Agreement to $748.81 for a sixth month period.

5. The Debtor continued to make the reduced monthly payments to MHCA until on or about June 2024. Around this time, the Debtor began struggling to maintain its working capital requirements. As a result, the Debtor failed to make a payment to MHCA during August 2024.

6. On September 19, 2024, the Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code.

# II.
# DEBTOR'S SPECIFIC RESPONSES TO EMBREE'S ALLEGATIONS

7. The allegations contained in paragraph 1 of the Motion are admitted to the extent that the Court has jurisdiction.

8. The allegations contained in paragraph 2 of the Motion are admitted to the extent that the Court has venue. The Debtor denies the remaining allegations.

9. The allegations contained in paragraph 3 are admitted.

10. The allegations contained in paragraph 4 are admitted.

11. The allegations contained in paragraph 5 are admitted.

12. The allegations contained in paragraph 6 are admitted.

13. The allegations contained in paragraph 7 are admitted.

14. The allegations contained in paragraph 8 are admitted.

15. The allegations contained in paragraph 9 are admitted to the extent that there is an amount due and owning. The Debtor denies the remaining allegations.

16. The allegations contained in paragraph 10 are admitted to the extent that the Trailer has a value of $50,000. The Debtor denies the remaining allegations.

17. The allegations in paragraph 11 are admitted.

18. As to the allegations in paragraph 12, the Debtor denies that the Trailer is depreciating in value with the mere passage of time. The Debtor further denies that the Trailer's depreciation is being accelerated while it is being used.

19. As to the allegations in paragraph 13, the Debtor denies that the Trailer is declining in value. The Debtor further denies that MHCA's interest in the Trailer is not adequately protected and that grounds exist to terminate the automatic stay.

### III.

### ARGUMENT

20. Under § 362(d)(1), a creditor can obtain a lifting of the stay "for cause." The term "cause" is not defined in the Code. Whether cause exists is a fact-intensive inquiry that must be determined on a case-by-case basis. *In re Xenon Anesthesia of Texas*, PLLC, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013). "Each case must be viewed on the basis of its own particular facts, and there must be a balancing of the interest of the debtor with the interest of the secured creditor in its collateral." *In re Bovino*, 496 B.R. at 502. "The decision of whether to lift the stay is committed to the discretion of the bankruptcy judge." *In re Syndicom Corp.*, 268 B.R. 26, 43 (Bankr. S.D.N.Y. 2001). Finally, "[t]he burden of proof on a motion to lift the automatic stay is a shifting one:

section 362(d)(1) requires an initial showing of cause by the movant; then, with the exception of the debtor's equity in the property (which is not at issue on a motion under section 362(d)(1), like this one), section 362(g) places the burden of proof on the debtor for all other issues." *Id.*

21. As defined by the statute, "adequate protection" is intended to compensate a non-debtor to the extent the debtor's use of leased property during its bankruptcy case results in a decrease in the value of such non-debtor party's interest in the property. 11 U.S.C. § 361 (2024). Adequate protection may be provided under Section 362 through a cash payment or periodic cash payments, an additional or replacement lien, or any relief that will "result in the realization by such entity of the indubitable equivalent" of their interest in the property "to the extent that the stay . . . results in a decrease in the value of such entity's interest in the property." *Id.*; *see also Timbers of Inwood Forest Associates, LTD*, 484 U.S. 365, 370 (1988).

22. Here, there is no cause to lift the automatic stay because MHCA is adequately protected. Specifically, the Debtor is proposing to make a payment to MHCA to provide adequate protection. Currently, the Trailer is valued at $50,000. So, the Debtor is proposing to pay MHCA 1.25% of the total value of the trailer or $625.00 under the second interim cash collateral budget and under a subsequent cash collateral budget on a monthly basis thereafter. The Debtor believes that the amount proposed as payment for adequate protection is sufficient to compensate to the extent that the Trailer has diminished in value, if at all, while the automatic stay has been in place.

23. Furthermore, the Debtor has the financial ability to make an adequate protection payment to MHCA under the second interim cash collateral budget. The Debtor plans to use some of its income from its transport services business to make an adequate protection payment. Additionally, the Debtor plans to use funds allocated for adequate protection in its 45-day budget to pay MHCA.

24. Finally, the Trailer is essential to the Debtor's ability to reorganize. The Debtor uses the Trailer to deliver refrigerated items, chilled deliveries, and frozen foods in its transport services business.

It is crucial that the Trailer remains on the road so that the Debtor can continue making deliveries and generate additional income to further its reorganization efforts.

25.     For at least the foregoing reasons, there is no cause under section 362(d)(1) to lift the stay.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order denying the Motion in all respects and for other and further relief to which it is justly entitled.

Dated: November 5, 2024
       Dallas, Texas                         Respectfully submitted by,

*/s/ M. Jermaine Watson*
M. Jermaine Watson
State Bar No. 24063055
Email: jwatson@canteyhanger.com
Emily M. Campbell
State Bar No. 24143596
Email: ecampbell@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, Texas 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**PROPOSED BANKRUPTCY COUNSEL
TO GANDY'S TRANSPORT, LLC**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 5, 2024, a true and correct copy of the foregoing document was served either by the Court's PACER system or by U.S. First Class Mail on all parties listed on the attached Service List.

*/s/ Emily M. Campbell*

Emily M. Campbell

# EXHIBIT "A"

M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: 817-877-2800
Facsimile: 817-333-2961
Email: jwatson@canteyhanger.com

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, Texas 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**PROPOSED COUNSEL TO
GANDY'S TRANSPORT, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GANDY'S TRANSPORT, LLC, | § | CASE NO. 24-43354-11 |
| | § | |
| DEBTOR. | § | |
| | § | |

**DECLARATION OF JORDAN COLLINS IN SUPPORT OF RESPONSE OPPOSED TO STAY RELIEF MOTION OF MITSUBISHI HC CAPITAL AMERICA, INC.**

I, **JORDAN COLLINS**, am over eighteen years old and am competent to testify as to the matters set forth herein. I am an administrative assistant at Gandy's Transport, LLC (the "Debtor"). This declaration is submitted in support of the *Response Opposed Stay Relief Motion of Mitsubishi HC Capital America, Inc.* ("Response") and is based on my personal knowledge and belief.

1. On July 20, 2023, Gandy's Transport executed a Motor Vehicle Security Agreement (the "Agreement") with Mitsubishi HC Capital America, Inc. ("MHCA"). The

Agreement granted MHCA a security interest in the 2020 Great Dane Reefer Trailer with 2019 Thermo King Reefer Unit, VIN #1GR1A0627LW168512 (collectively, the "Trailer").

2. Under the Agreement, the Debtor agreed to make forty-eight (48) consecutive monthly payments of $2,205.73. These payments were to begin on August 9, 2023.

3. On March 28, 2024, MHCA and the Debtor agreed to a reduction in the monthly payments as required under the Agreement to $748.81 for a sixth month period.

4. The Debtor continued to make the reduced monthly payments to MHCA until on or about June 2024. Around this time, the Debtor began struggling to maintain its working capital requirements. As a result, the Debtor failed to make a payment to MHCA during August 2024.

5. The Trailer is essential to the Debtor's business operations and the Debtor uses the Trailer on a daily basis to deliver refrigerated items, chilled deliveries, and frozen foods in its transport services business. It is crucial that the Trailer remains on the road so that the Debtor can continue making deliveries and generate additional income to further its reorganization efforts.

6. As stated in Debtor's Schedule D, the Trailer is currently valued at $50,000. The Debtor is proposing to pay as an adequate protection payment under the second interim cash collateral budget. This amount represents 1.25% of the total value of the trailer.

7. The Debtor has the financial ability to pay MHCA as adequate protection. Specifically, Debtor plans to use its income from its transport services business to make an adequate protection payment to MHCA as set forth in its 45-day budget to pay MHCA.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: November 5, 2024

                                                         /s/ Jordan Collins
                                                          Jordan Collins