B1040 (FORM 1040) (12/24)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Gandy's Trasnport, LLC | **DEFENDANTS** Juan Wortham dba Small Time Enterprises, LLC and RJF Cartage and Warehousing, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Cantey Hanger, LLP 600 West 6th Street, Suite 300 Fort Worth, TX 76102 (817-877-8200) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Complaint for Declaratory Judgment | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Gandy's Trasnport, LLC ||| BANKRUPTCY CASE NO.<br>24-43354 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas || DIVISION OFFICE<br>Fort worth | NAME OF JUDGE<br>Edward L. Morris |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ M. Jermaine Watson ||||
| DATE<br>February 19, 2025 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>M. Jermaine Watson |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

M. Jermaine Watson
State Bar No. 24063055
Email: jwatson@canteyhanger.com
Emily M. Campbell (application pending)
State Bar No. 24143596
Email: ecampbell@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, Texas 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**COUNSEL TO
GANDY'S TRANSPORT, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GANDY'S TRANSPORT, LLC, | § | CASE NO. 24-43354-ELM11 |
| | § | |
| DEBTOR. | § | ADVERSARY NO. _____ |
| | § | |
| | § | COMPLAINT FOR |
| | § | DECLARATORY JUDGMENT |
| GANDY'S TRANSPORT, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | |
| | § | |
| JUAN WORTHAM DBA SMALL TIME | § | |
| ENTERPRISES, LLC, AND | § | |
| RJF CARTAGE AND WAREHOUSING, | § | |
| LLC, | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Gandy's Transport, LLC, debtor and debtor in possession in the above-captioned case ("Gandy's Transport"), hereby files this *Complaint for Declaratory Judgment* (the "Complaint") against and to Defendant, Juan Wortham DBA Small Time Enterprises, LLC ("Wortham") and Defendant, RJF Cartage and Warehousing, LLC ("RJF", and collectively with Wortham, the "Defendants"). In support of this Complaint, the Gandy's respectively represents the following:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding relates to the chapter 11 case of Gandy's Transport, LLC, Case No. 24-43354-ELM11, now pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. This adversary proceeding is commenced pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 105(a) of chapter 11, title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 105(a) (2025). Declaratory relief is appropriate pursuant to Bankruptcy Rule 7001 and the Declaratory Judgement Act, 28 U.S.C. § 2201 (2025).

4. Gandy's Transport consents to entry of a final order or judgment by this Court.

5. Pursuant to Rule 7008 of the Bankruptcy Rules, Gandy's Transport consents to entry of a final order or judgment with respect to this Complaint if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## II.
## PARTIES

6. Plaintiff, Gandy's Transport, LLC is a Texas limited liability company with its principal place of business in Arlington, Texas. Gandy is a debtor and debtor in possession in the above-captioned chapter 11 proceeding.

7. Defendant, Juan Wortham DBA Small Time Enterprises, LLC, is an individual who may be served at 3817 Grady Street, Forest Hill, Texas 76119, 3705 Royal Crest Drive, Fort Worth, Texas 76140, or wherever he may be found.

8. Defendant, RJF Cartage & Warehousing, LLC, is a Texas limited liability company with its principal place of business in Fort Worth, Texas and may be served at 6817 Treehaven Road, Fort Worth, Texas 76116.

## III.
## BACKGROUND

9. On September 19, 2024 (the "Petition Date"), Gandy's Transport filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

10. Gandy's Transport remains in possession of its property and is operating its business as a debtor and debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

11. A detailed description of the events leading to the filing of this chapter 11 case is more fully set forth in the *Declaration of Johnny Gandy in Support of Chapter 11 Petition* [Docket No. 15] ("Gandy Declaration"), which is incorporated herein by reference.

12. On September 1, 2023, Wortham entered into a promissory note agreement (the "Agreement") with Gandy's Transport to purchase a 2007 Peterbilt Truck, VIN No. 1XP5DB9X77D668904 (the "Vehicle") owned by Gandy's Transport.

13. Under the Agreement, Gandy's Transport agreed to finance Wortham's purchase of the Vehicle for $181,800.00. The total amount was determined by: (1) the $135,000.00 purchase price of the Vehicle and (2) the twelve percent interest rate to be applied over the course of the Agreement.

14. Around the same time, Gandy's Transport gave the Original Texas Certificate of Title (the "Title") to the Vehicle to Wortham, so he could add Gandy's Transport as the lienholder and register the Vehicle with the State of Texas.

15. During July 2024, Wortham stopped paying Gandy's Transport as required under the Agreement. Wortham also ended all communications with Gandy's Transport.

16. On October 15, 2024, Gandy's Transport sent a Demand and Notice of Right to Cure (the "Demand Letter") to Wortham. A more complete description of the Demand Letter is provided in the Declaration. Wortham did not respond.

17. Wortham owes Gandy's Transport at least $23,481.60 in missed payments and late fees according to Gandy's Transport's calculation.

18. Subsequently, Gandy's Transport visited the Department of Motor Vehicles to retrieve a replacement copy of the Title to begin the repossession process. However, Gandy's Transport learned that the Title to the Vehicle was now in Wortham's name, and Gandy's Transport was not listed as a lienholder.

19. Upon further inspection of the Title, Gandy's Transport noticed that Wortham had forged Johnny Gandy's signature to transfer the Title to the Vehicle in his name alone. Wortham failed to list Gandy's Transport as a lienholder.

20. On December 20, 2024, Gandy's Transport received an email from Wortham with an invoice from RJF for repairs made to the Vehicle and storage costs. The owner of RJF lent

Wortham funds to have the Vehicle repaired. However, RJF is not in the vehicle repair business and as such, RJF loaned Wortham money for the repairs in exchange for the Title until Wortham paid in full.

21. Wortham never paid RJF nor picked up the Vehicle. Upon information and belief, the last known location of the Vehicle is 324 Thomas Place, Fort Worth, TX 76140 (the "Premises"). RJF also has custody of the Title but has no valid lien.

22. Based on the (1) forged signature on the Title; and (2) the fact that RJF has no valid lien on the Vehicle, Gandy's Transport requested that RJF return possession of the Title and Vehicle and informed RJF that Gandy's Transport was in chapter 11 bankruptcy. However, RJF refuses to deliver custody of the Title and the Vehicle until the invoice is paid in full, and Wortham signs a release to approve Gandy's Transport to pick up the Vehicle.

## IV.
## CLAIMS FOR RELIEF
### Count I – Declaratory Judgment under 28 U.S.C. § 2201(a) for Fraud

23. The allegations set forth above are incorporated herein by reference.

24. An actual legal and substantial controversy exists between the parties regarding whether Wortham committed fraud under Texas law when he forged the name of Johnny Gandy on the title of the Vehicle. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

25. Debtor is a lienholder of the Vehicle. The Debtor possessed this lien at the time of the commencement of the case as set forth on its filed Schedule A/B. Wortham has not paid the Debtor since July 2024. Wortham forged Johnny Gandy's name on the title to the Vehicle and obtained a clean title in contravention of Gandy Transport's rights.

26. Accordingly, Gandy's Transport is entitled to a declaratory judgment that Wortham committed fraud by forging the name of Johnny Gandy on the Title.

27. Such a declaration will serve the twin interests of judicial efficiency and cost effectiveness by terminating the substantial and actual controversy between the parties, or resolving some part of it. It will also serve a useful purpose by enabling the Court to determine whether Wortham forged the title and allow Gandy Transport to pursue its legal remedies against Wortham under Texas law.

**Count II – Declaratory Judgment under 28 U.S.C. § 2201(a) for Validity of the Title**

28. The allegations set forth above are incorporated herein by reference.

29. An actual legal and substantial controversy exists between the parties regarding whether Wortham is the rightful holder of the title to the Vehicle. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

30. Debtor is a lienholder of the Vehicle. The Debtor possessed this lien at the time of the commencement of the case as set forth on its filed Schedule A/B. Wortham has not paid the Debtor since July 2024. Wortham forged Johnny Gandy's name on the Title to the Vehicle and obtained a clean title in contravention of Gandy Transport's rights.

31. Accordingly, Gandy's Transport is entitled to a declaratory judgment that the current title to the Vehicle is void.

32. Such a declaration will serve the twin interests of judicial efficiency and cost effectiveness by terminating the substantial and actual controversy between the parties, or resolving some part of it. It will also serve a useful purpose by enabling the Court to determine whether the current tittle to the Vehicle is valid.

**Count III – Declaratory Judgment under 28 U.S.C. § 2201(a) for Validity of Liens**

33. The allegations set forth above are incorporated herein by reference.

34. An actual legal and substantial controversy exists between the parties regarding the nature and validity of liens between Gandy's Transport and RJF. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

35. Debtor is a lienholder of the Vehicle. The Debtor possessed this lien at the time of the commencement of the case as set forth on its filed Schedule A/B. Wortham has not paid the Debtor since July 2024. Wortham forged Johnny Gandy's name on the Title to the Vehicle and obtained a clean title in contravention of Gandy Transport's rights. Wortham later borrowed funds from RJF for repairs and later gave custody of the Vehicle to RJF until its loan was repaid.

36. Accordingly, Gandy's Transport is entitled to a declaratory judgment as to the validity and priority of liens in the Vehicle.

37. Such a declaration will serve the twin interests of judicial efficiency and cost effectiveness by terminating the substantial and actual controversy between the parties, or resolving some part of it. It will also serve a useful purpose by enabling the Court to determine whether Gandy's Transport or RJF have valid liens in the Vehicle.

**Count IV – Declaratory Judgment under 28 U.S.C. § 2201(a) for Breach of Contract**

38. The allegations set forth above are incorporated herein by reference.

39. An actual legal and substantial controversy exists between the parties regarding whether Wortham breached the Agreement by not making payments when due. This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

40. Debtor is a lienholder of the Vehicle. The Debtor possessed this lien at the time of the commencement of the case as set forth on its filed Schedule A/B. Wortham has not paid the Debtor since July 2024.

41. Accordingly, Gandy's Transport is entitled to a declaratory judgment as to whether Wortham breached the Agreement by refusing to make payments to Gandy's Transport.

42. Such a declaration will serve the twin interests of judicial efficiency and cost effectiveness by terminating the substantial and actual controversy between the parties, or resolving some part of it. It will also serve a useful purpose by enabling the Court to determine whether Wortham breached the Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Gandy's Transport respectfully requests that the Court enter judgment in favor of the Gandy's Transport as follows: (a) On Count I, declaring that Worthem engaged in fraud; (b) On Count II, declaring that title to the Vehicle is void; (c) On Count III, declaring that Gandy's Transport has lien superior to RJF; (d) On Count IV, declaring that Wortham breached the Agreement when he failed to make all payments when due; and (e) Granting Gandy's Transport such other relief as the Court deems appropriate under the circumstances.

Dated: February 19, 2025  
      Fort Worth, Texas

Respectfully submitted by,

/s/ M. Jermaine Watson  
M. Jermaine Watson  
State Bar No. 24063055  
Email: jwatson@canteyhanger.com  
Emily M. Campbell (application pending)  
State Bar No. 24143596  
Email: ecampbell@canteyhanger.com  
**CANTEY HANGER LLP**  
600 West 6th Street, Suite 300  
Fort Worth, Texas 76102  
Phone: 817-877-2800

Fax: 817-877-2807

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, Texas 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**COUNSEL TO
GANDY'S TRANSPORT, LLC**