

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 25, 2025**

_____
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | |
| GANDY'S TRANSPORT, LLC. | CHAPTER 11 |
| DEBTOR | CASE NO. 24-43354-elm |

### AGREED ORDER GRANTING THE HUNTINGTON NATIONAL BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY IN PART

Before me came to be considered The Huntington National Bank's ("Huntington" or "Movant") *Motion for Relief from the Automatic Stay* [Dk. No. 97] (the "Motion") seeking an order pursuant to 11 U.S.C. § 362(d)(1) lifting the automatic stay in the above-captioned Chapter 11 proceeding of the Debtor, Gandy's Transportation, LLC. (the "Debtor") with respect to the 2020 Peterbilt 389, VIN No. 1NPXL49X3LD632803 and the 2018 Utility Trailer, VIN No. 1UVYVS253XJ6260601 w/ThermoKing Unit S/N 60D1239254 together with all attachments and accessories thereto (the "Collateral") in which Huntington has a security interest. After reviewing

the Motion and considering the arguments of counsel, the court is of the opinion that the Motion should be **GRANTED IN PART**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1. the Debtor shall pay the sum of $5,531.25 to Huntington National Bank as adequate protection for the use of the Collateral, representing outstanding adequate protection payments for the months of November 2024, December 2024, and January 2025 on the following schedule:

    a) The sum of $1,843.75 on or before February 28, 2025 representing the adequate protection payment for the month of January;

    b) The sum of $1,843.75 on or before March 26, 2025 representing the adequate protection payment for the month of December; and

    c) The sum of $1,843.75 on or before the date of confirmation of Debtor's chapter 11 plan.

2. Beginning in March 2025 and continuing each and every month through the Effective Date of the Debtor's Plan, the Debtor shall pay $1,531.25 and $312.50, respectively, for a total sum of $1,843.75 to Huntington in good and sufficient funds on or before the last day of each month as adequate protection for the use of the Collateral.

3. The Debtor shall maintain hazard and collision insurance on the Collateral for an amount sufficient to pay Huntington's claim in full and such insurance policy shall name Huntington as the loss payee.

4. In the event the Debtor fails to make any adequate protection payment when due, then Huntington may give written notice of default to the Debtor, Debtor's counsel at jwatson@canteyhanger.com. The Debtor shall thereafter have fourteen (14) days after the mailing of such the notice to cure the default. In the event the Debtor fails to timely cure any deficient adequate protection payment default with respect to the Collateral within the 14-day period, then Huntington may file a notice of termination of the automatic stay with respect to the Collateral.

The automatic stay will terminate as to the Collateral automatically upon the filing of such notice. Debtor shall only be entitled to three (3) notices and opportunities to cure.

5. The Debtor may not cannibalize or otherwise destroy, sell, or transfer any part or component of the Collateral without the advance written agreement of Huntington, but without prejudice to the Debtor filing a motion seeking permission to do so. Should the automatic stay be terminated by the provisions of this order, Debtor shall cooperate with Huntington to effectuate the surrender of the Collateral by providing counsel for Huntington the location and contact information of the individual(s) who can assist in the surrender of such Collateral.

6. This order is effective immediately upon entry.

7. The Court shall retain jurisdiction to interpret and to enforce this order, including to aid this order, grant relief from this order, or redress violations of this order.

### End of Order ###

**AGREED AS TO FORM AND SUBSTANCE BY:**

*/s/ M. Jermaine Watson*
M. Jermaine Watson
State Bar No. 24063055
jwatson@canteyhanger.com
Emily Campbell (application pending)
State Bar No. 24143596
ecampbell@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Telephone: 817-877-2800
Facsimile: 817-333-2961

*Counsel for the Debtor*

*/s/ Todd A. Atkinson*
Todd A. Atkinson (TX Bar 24121426)
WOMBLE BOND DICKINSON (US) LLP
717 Texas Avenue, Suite 2100
Houston, TX 77002
Telephone: (346) 998-7801
Facsimile: (346) 998-5901
Email: todd.atkinson@wbd-us.com

**and**

*/s/ Eudora F. S. Arthur*
Eudora F. S. Arthur
WOMBLE BOND DICKINSON (US) LLP
*Pro Hac Vice* (N.C. Bar No. 59854)
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
Email: dorie.arthur@wbd-us.com

*Attorneys for The Huntington National Bank*