

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed August 26, 2025

_____
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| GANDY'S TRANSPORT, LLC, | § § | Case No. 24-43354-elm |
| Debtor. | § § § | |

### AGREED ORDER MODIFYING THE AUTOMATIC STAY

This matter comes before the Court upon the consent, stipulation, and agreement of The Huntington National Bank ("Huntington") and Gandy's Transport, LLC (the "Debtor"); and on this basis, and with the consent of the Debtor and Huntington, the Court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Norther District of Texas.

2. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on September 19, 2024 (the "Petition Date").

3. On or about October 4, 2022, the Debtor executed a promissory note in favor of Huntington (the "Note") in the principal amount of $212,075.00 to evidence the loan given by Huntington.

4. On or about October 4, 2022, the Debtor executed a Security Agreement (the "Agreement") in favor of Huntington in which it granted Huntington a purchase money security interest in (1) 2020 Peterbilt 389 Truck, VIN No. 1NPXL49X3LD632803 (the "Truck") and (2) 2018 Utility Trailer, VIN No. 1UVYVS253XJ6260601 w/ThermoKing Unit S/N 60D1239254 (the "Trailer," and together with the Truck, and with all attachments and accessories thereto, the "Vehicles" or "Collateral").

5. Prior to the Petition Date, Huntington perfected its security interest in the Collateral recording its liens on the Certificates of Title for the Truck and Trailer with the Texas Department of Motor Vehicles, Title Nos. 05720844898094703 and 05720844898094136, respectively.

6. Huntington filed a proof of claim in the amount of $184,172.19, assigned claim number 12-1 (the "Proof of Claim").

7. The Collateral is property of the Debtor's estate pursuant to 11 U.S.C. § 541.

8. On February 25, 2025, this Court entered an Order [Doc. No. 119] conditioning the automatic stay under 11 U.S.C. § 362(a) remaining in effect conditioned on the Debtor's payment of monthly adequate protection payments. The stay has remained in effect based on the payment of those adequate protection payments.

9. The Debtor now wishes to surrender the Collateral to Huntington

10. Huntington is entitled to relief from the automatic stay pursuant to 11 U.S.C. §

362(d)(2) because there is no equity in the Collateral and the Collateral is not necessary for the Debtor's effective reorganization.

11. If Huntington is not permitted to repossess and sell the Collateral, it will suffer irreparable injury and loss.

12. Because of the depreciating nature of the Collateral, sufficient cause exists to waive the requirements of Rule 4001(a)(3) such that the order granting relief from the automatic stay will be effective upon entry of the order by the Court to allow Huntington to immediately foreclose its interest in the Collateral.

13. The Parties agree that the automatic stay imposed by 11 U.S.C. § 362(a) shall be immediately modified to allow Huntington to repossess and liquidate the Collateral under the terms of the Agreement and the Note and in accordance with applicable law; now therefore

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

That the automatic stay imposed by 11 U.S.C. § 362(a) shall be, and hereby is, immediately modified to allow Huntington to repossess and liquidate the Collateral under the terms of the Agreement and the Note and in accordance with applicable law;

2. Any excess proceeds from the sale of the Collateral shall be turned over to the Debtor to the extent that such proceeds are property of the estate; and

3. Rule 4001(a)(3) shall be, and hereby is, waived to allow this Order to be effective upon entry by the Court.

### End of Order ###

**AGREED AS TO FORM AND SUBSTANCE BY:**

/s/ M. Jermaine Watson
M. Jermaine Watson
State Bar No. 24063055
jwatson@canteyhanger.com
Emily Campbell (application pending)
State Bar No. 24143596
ecampbell@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Telephone: 817-877-2800
Facsimile: 817-333-2961

*Counsel for the Debtor*

/s/ Todd A. Atkinson
Todd A. Atkinson (TX Bar 24121426)
WOMBLE BOND DICKINSON (US) LLP
717 Texas Avenue, Suite 2100
Houston, TX 77002
Telephone: (346) 998-7801
Facsimile: (346) 998-5901
Email: todd.atkinson@wbd-us.com

**and**

/s/ Eudora F. S. Arthur
Eudora F. S. Arthur
WOMBLE BOND DICKINSON (US) LLP
*Pro Hac Vice* (N.C. Bar No. 59854)
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
Email: dorie.arthur@wbd-us.com

*Attorneys for The Huntington National Bank*